Hieatt v. Simpson.

# ERROR—PLEADING—TRIAL.

[Hamilton (1st) Circuit Court, April 10, 1909.]

Giffen, Smith and Swing, JJ.

ESTELLA B. HIEATT V. SUSAN W. SIMPSON ET AL.

1. ON REMAND REVERSING ORDER OVERRULING DEMURRER COURT BELOW MAY PERMIT AMENDMENT TO DEMURRED PLEADING.

The circuit court, upon the Supreme Court's having sustained a demurrer and remanding the case for further proceedings, may, under R. S. 5116 (Gen. Code 11365), allow an amendment to the pleading to which demurrer is sustained.

2. PAYMENT OF TAXES UNDER MISTAKE OF LAW WITH KNOWLEDGE OF THE FACTS IS VOLUNTARY.

The payment of taxes under a mistake of law with full knowledge of the facts, cannot, when made voluntarily, be recovered; hence, where an amendment to an answer contains facts sufficient to show a forfeiture by the life tenant, under R. S. 2852 (Gen. Code 5688) it is unnecessary to show how much taxes were so paid or whether other real estate was forfeited to the remainderman so long as such amended answer states a good, though partial, defense.

ERROR to common pleas court.

*W. T. Porter,* for plaintiff in error:

Cited and commented upon the following authorities: *Witte* v. *Lockwood,* 39 Ohio St. 141; *New York Life Ins. Co.* v. *Bangs,* 103 U. S. 780 [26 L. Ed. 608]; *Ruegger* v. *Railway,* 103 Ill. 449; *Tuttle* v. *Harrill,* 85 N. C. 456; *Kunneke* v. *Mapel,* 60 Ohio St. 1 [53 N. E. Rep. 259]; *Ewing* v. *McNairy,* 20 Ohio St. 315; *Covington & C. Bridge Co.* v. *Sargent,* 27 Ohio St. 233; *McCoy* v. *Jones,* 61 Ohio St. 119 [55 N. E. Rep. 219]; *Hackworth* v. *Zollars,* 30 Iowa 433; *Hites* v. *Irvine,* 13 Ohio St. 283; *Le Guen* v. *Gouverneur,* 1 Johns. Cas. 436 [1 Am. Dec. 121]; *Gray* v. *Dougherty,* 25 Cal. 266; *Allen* v. *McCoy,* 8 Ohio 418; *Crockett* v. *Crockett,* 2 Ohio St. 180; *Jenks* v. *Langdon,* 21 Ohio St. 362; *Kent* v. *Bentley,* 6 Circ. Dec. 457 (10 R. 132); *Johnson* v. *Pettit,* 13 Dec. Re. 394 (1 C. S. C. 25); *Chaffee* v. *Foster,* 2 Ohio St. 358 [39 N. E. Rep. 947]; *Estabrook* v. *Royon,* 52 Ohio St. 318 [39 N. E. Rep. 808; 32 L. R. A. 805]; *Thompson* v. *Thompson,* 18 Ohio St. 73; *Mays* v. *Cin-*

Hamilton County.

*cinnati,* 1 Ohio St. 268; *Marietta* v. *Slocomb,* 6 Ohio St. 471; *Valley Ry.* v. *Iron Co.* 46 Ohio St. 44 [18 N. E. Rep. 486; 1 L. R. A. 412]; *Cincinnati* v. *Gas Light & Coke Co.* 53 Ohio St. 278 [41 N. E. Rep. 239]; *Phillips* v. *McConica,* 59 Ohio St. 1 [51 N. E. Rep. 445; 69 Am. St. Rep. 753]; *Vindicator Print. Co.* v. *State,* 68 Ohio St. 362 [67 N. E. Rep. 733].

*Worthington & Strong* and *Outcalt & Hickenlooper,* for defendant in error.

### GIFFEN, P. J.

The Supreme Court [*Hieatt* v. *Simpson,* 78 Ohio St. 446] having rendered the judgment that this court should have rendered [*Hieatt* v. *Simpson,* 28 O. C. C. 590 (4 O. L. R. 136)], to wit, sustained the demurrer to the answer, and remanded the cause to this court for further proceedings according to law, the authority to allow an amendment to the answer, under R. S. 5116 (Gen. Code 11365), is the same as if this court had, instead of overruling the demurrer, sustained the same. The case of *Covington & Cin. Bridge Co.* v. *Sargent,* 27 Ohio St. 233, and other like cases, apply only where final judgment has been rendered.

The amendment to the answer presented contains facts sufficient to show a forfeiture under R. S. 2852 (Gen. Code 5688), of at least the ten and one-half acres of land sold to Van Tress.

The payment of taxes under a mistake of law with full knowledge of the facts, can not, when made voluntarily, be recovered.

It is unnecessary to now determine how much, if any, was so paid, or whether the other real estate was forfeited to the persons next entitled thereto in remainder, so long as the proposed amendment states a good though partial defense. If counsel for defendants elect to accept the offer of plaintiff to allow a lien for taxes paid by them there will be no difficulty in entering a decree to that effect after proper pleadings are filed.

Leave to file amendment granted.

**Smith** and **Swing, JJ.,** concur.